## DISTRICT OF COLUMBIA *v.* CHAPMAN.

OCCUPATION TAX; BUILDING AND OTHER CONTRACTORS; INVOLUNTARY PAYMENT OF TAX.

1. A wood and coal dealer who in the course of his business contracts to furnish wood and coal in large quantities to the general and municipal governments is not required to pay an occupation tax under par. 46,

sec. 7, of the act of Congress of July 1, 1902, imposing an annual tax of $25 upon "building and other contractors," the term "other contractors" being too vague to be enforced. (Following *Lockwood* v. *District of Columbia,* 24 App. D. C. 569.)

2. Payment, under protest, of an occupation tax after arrest but before trial in the police court, is not a voluntary one, and may be recovered back if unwarranted, when such payment was made to escape the mortification and publicity of trial, and where the penalty might exceed the amount of the tax, and the right of appeal from the police court is not absolute.

No. 1449.   Submitted January 10, 1905.   Decided February 21, 1905.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia in an action to recover an occupation tax paid under protest, a trial by jury having been waived.                              *Affirmed.*

The COURT in the opinion stated the case as follows:

This action was begun in the justice's court by J. Edward Chapman against the District of Columbia to recover the sum of $25, paid by him under protest as a license tax for the pursuit of the business of a contractor.   The case was appealed to the supreme court of the District, and judgment was therein rendered for the plaintiff.   A jury having been waived, the case was submitted to the court upon an agreed statement of facts. From this it appears that the plaintiff was a wholesale and retail dealer in wood and coal in the city of Washington; that in the course of said business he has for some years furnished large quantities of wood and coal to the United States and the District of Columbia under contracts therefor; that in June 1903, he was notified by the District authorities that he owed a license tax as a contractor; that he informed them that he had paid the tax upon his personal property, consisting of his stock in trade, horses, wagons, etc., and asked an opinion of their counsel upon his liability for a tax as a contractor; that in reply he was informed by the secretary to the commissioners in a letter that "the police court had placed a very broad and ambiguous con-

struction upon the term, 'building and other contractors,' in the act of July 1, 1902, and the assessor's office has had considerable difficulty in determining who come within this category;" that on June 9, 1903, an information was filed in the police court, charging plaintiff with doing business without license under the act aforesaid, and on September 10, 1903, he was arrested and brought into the police court to answer said charge; that he was then informed by the prosecuting officer that he would likely be fined under said charge, and to avoid the publicity and notoriety of a trial in the police court the plaintiff paid the said sum of $25 under protest; that he then immediately demanded a return of the said sum, which was refused.

*Mr. A. B. Duvall,* Corporation Counsel, and *Mr. F. H. Stephens,* Assistant, for the appellant.

*Mr. F. S. Key-Smith* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Paragraph 46 of section 7 of the act of July 1, 1902, imposes an annual tax of $25 upon "building and other contractors," and in default of payment prescribes a penalty not exceeding $500, enforceable in the police court.

Clearly, plaintiff is not a "building contractor," and, whatever may be the liability of such a person, we agree with the trial court that this tax cannot be enforced against him, as a wholesale dealer in wood and coal, simply because he had a contract to furnish the same in large quantities to the general and municipal governments for the year 1903. The term "other contractors" is too vague and uncertain in its meaning. It leaves too much to the discretion of the assessor, who, as said in the secretary's letter, "has had considerable difficulty in determining who come within this category." The case is governed by a recent decision of this court, to which reference is made. *Lockwood* v. *District of Columbia,* 24 App. D. C. 569.

The next question is whether the payment of the money was made under such circumstances as warrant an action for its recovery. We think that it was. It is well settled that a payment of a tax in order to prevent the seizure of one's property or the arrest and detention of one's person is compulsory. 2 Cooley, Taxn. 3d ed. p. 1505; 2 Dill., Mun. Corp. 4th ed. §§ 940, 942.

We do not think that the payment made to prevent prosecution after his arrest can be regarded as a voluntary one because he might have contested the validity of the tax in that proceeding. The conviction of the offense would ordinarily be attended with some mortification, and the penalty, aside from the cost of prosecution, might be far in excess of the amount of the tax. Moreover, there is no absolute right of appeal from the police court, the grant of a writ of error being a matter within the discretion of the justices of this court.

To escape those risks the plaintiff was clearly justified in paying the tax under protest, in order that he might test the right to exact it in a court of civil jurisdiction.

The judgment was right and will be affirmed with costs. It is so ordered.                                    *Affirmed.*